UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| *Plaintiff*, | ) | Case No. 1:23-cv-218 |
| | ) | |
| v. | ) | Judge Travis R. McDonough |
| | ) | |
| 0.40401694 BITCOIN (BTC) SEIZED FROM BINANCE USER ID 36895141, et al, | ) | Magistrate Judge Christopher H. Steger |
| | ) | |
| *Defendants*. | ) | |

**MEMORANDUM OPINION**

Before the Court is the United States of America's motion for summary judgment (Doc. 9). For the reasons explained below, the Government's motion (*id.*) will be **GRANTED**.

I.  **BACKGROUND**

On September 26, 2023, the Government filed a verified complaint against a variety of cryptocurrency assets (collectively "the Assets") seized from Claimants' Binance accounts.[1] (*See* Doc. 1.) The Government claims that the Assets are derived from cryptocurrency fraudulently obtained from Cleveland, Tennessee resident Matthew McNulty and are the "proceeds of wire fraud violations" and money laundering. (*Id*. at 4; *see* Doc. 1-2, at 9.)

FBI Agent Jordan Foreman avers that on February 12, 2021, McNulty posted in a Telegram channel, "AnySwap," asking for help with a cryptocurrency trading error. (*See* Doc. 1-2, at 9.) An account impersonating a real Telegram community manager reached out to

---

[1] Binance is an online cryptocurrency exchange that allows users to buy and sell cryptocurrency.

McNulty, claiming he could help. (*See id.*) The fraudulent account told McNulty to enter the information needed to access his cryptocurrency into a website registered and hosted in Nigeria. (*See id*. at 10–11.) When McNulty entered his information, the website created a QR code. (*See id.* at 10.) The fake account told McNulty to screenshot and send to him. (*See id.*) After McNulty did so, the scammer quickly transferred McNulty's cryptocurrencies out of his wallet.[2] (*See id.*) Foreman traced where the cryptocurrencies were sent using "open-source methods." (*Id*. at 11.) Foreman found that the stolen cryptocurrencies were converted into different types of cryptocurrencies and transferred to a variety of other wallets, before ultimately being transferred to Martins Eromosele Lyere, Moses Olumide Sokale, and Olawumi Stephen Adewale's Binance accounts. (*Id*. at 11.) These men, like the website used to steal McNulty's cryptocurrencies, are based in Nigeria. (*See id.*) Foreman avers that this "pattern of withdrawals, transfers, and transactions is consistent with money laundering and attempts to conceal proceeds of fraud." (*Id.*) Foreman provides precise information regarding the amount and type of cryptocurrency transferred and the date each transfer was made. (*See id.* at 12–13.) At the time of the theft, McNulty's cryptocurrencies were worth approximately $125,000. (*Id*. at 10.)

       The Government seized the Assets on April 18, 2022. (*Id*. at 13.) The Government sent direct notice via email to Lyere, Sokale and Adewale. (*See* Doc. 18-1.) The Government also posted a notice of forfeiture for 30 days on www.forfeiture.gov. (*See* Docs. 7, 7-1, 7-2.) No answers and verified complaints were timely filed (*see* Doc. 25) and on September 27, 2024, the Government moved for summary judgement. (*See* Doc. 9.) The Government's motion is now ripe.

---

[2] A cryptocurrency wallet is a virtual account which stores cryptocurrency. (*See* Doc. 1-2, at 5.)

## II. ANALYSIS

Summary judgment is proper when "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The Court views the evidence in the light most favorable to the nonmoving party and makes all reasonable inferences in favor of the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Nat'l Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001).

The moving party bears the burden of demonstrating that there is no genuine dispute as to any material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *Leary v. Daeschner*, 349 F.3d 888, 897 (6th Cir. 2003). The moving party may meet this burden either by affirmatively producing evidence establishing that there is no genuine issue of material fact or by pointing out the absence of support in the record for the nonmoving party's case. *Celotex*, 477 U.S. at 325. Once the movant has discharged this burden, the nonmoving party can no longer rest upon the allegations in the pleadings; rather, it must point to specific facts supported by evidence in the record demonstrating that there is a genuine issue for trial. *Chao v. Hall Holding Co., Inc.*, 285 F.3d 415, 424 (6th Cir. 2002).

At summary judgment, the Court may not weigh the evidence; its role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–49 (1986). A mere scintilla of evidence is not enough; the Court must determine whether a fair-minded jury could return a verdict in favor of the non-movant based on the record. *Id.* at 251–52; *Lansing Dairy, Inc. v. Espy*, 39 F.3d 1339, 1347 (6th Cir. 1994). If not, the Court must grant summary judgment. *Celotex*, 477 U.S. at 323.

Here, the Government has established that the Assets constitute or were derived from proceeds traceable to violations of 18 U.S.C. § 1343 Wire Fraud) and 1956 (Money Laundering) and are subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(C). As noted above, Foreman avers that McNulty's cryptocurrencies were stolen after he was tricked into entering his login information into a website hosted in Nigeria. (*See* Doc. 1-2, at 9–11.) Foreman then traced where the stolen cryptocurrency was sent using "open-source methods." (*See id.* at 11.) Fore avers that McNulty's cryptocurrency was converted into different types of cryptocurrencies and transferred to a variety of other wallets, before ultimately being transferred to the Binance accounts from which they were later seized. (*Id.*) The holders of these Balance accounts, like the website used to steal McNulty's cryptocurrencies, are based in Nigeria. (*See id.*) Foreman avers, based on his experience and training, that this "pattern of withdrawals, transfers, and transactions is consistent with money laundering and attempts to conceal proceeds of fraud." (*Id.*) Foreman provides precise information regarding the amount and type of cryptocurrency transferred and the date each transfer was made. (*See id.* at 12–13.) Foreman's affidavit is sufficient to establish that the Assets are the proceeds of wire fraud and money laundering.

Furthermore, no timely answer and verified claim was filed and the time for doing so has now passed. (*See* Doc. 25.) Accordingly, no potential claimant has standing to contest this forfeiture. *See United States v. Real Props. & Premises*, 521 F. App'x 379, 384 (6th Cir. 2013) ("To have standing [to contest a forfeiture], a claimant must comply strictly with Supplemental Rule G(5)."). Because the government has established that the Assets are the proceeds of wire fraud and money laundering and there are no claims disputing that fact, summary judgment is appropriate.

## III. CONCLUSION

For the above reasons, the Government's motion for summary judgment (Doc. 9) is **GRANTED**.

**AN APPROPRIATE JUDGMENT WILL ENTER.**

/s/ *Travis R. McDonough*
**TRAVIS R. MCDONOUGH**
**UNITED STATES DISTRICT JUDGE**